**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20671
Summary Calendar
_____


IN THE MATTER OF:

J. EDGAR CLAYTON, JR.,
and
PHYLLIS KOZMA CLAYTON,

                                        Debtors.


J. EDGAR CLAYTON, JR.,
and
PHYLLIS KOZMA CLAYTON,

                                        Appellants.


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-1217)
_____


October 15, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


    J. Edgar Clayton, Jr., and Phyllis Clayton (collectively, the

"debtor") appeal the district court's affirmance of the bankruptcy

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

court's final decree closing debtor's chapter 11 case pursuant to FED. R. BANKR. P. 3022.  Finding no error, we affirm.

## I.

This appeal marks another chapter in the long, tortuous history of debtor's attempt to extricate himself from a chapter 11 filing that originated in a home loan arranged by Shell Oil Company ("Shell"), his former employer.  After debtor defaulted on the loan, Shell paid the bank in full and sought successfully a declaratory judgment in state court to validate the loan and begin nonjudicial foreclosure.  That was May 1991.

After numerous state and bankruptcy court proceedings, the bankruptcy court in January 1994 confirmed debtor's chapter 11 plan of reorganization, which, among other things, permitted Debtor to continue prosecuting his state court proceedings against Shell.  In March 1995, the bankruptcy court *sua sponte* found that the estate has been "fully administered" in compliance with the plan of reorganization and thus closed the bankruptcy proceeding pursuant to rule 3022.  The district court affirmed.

## A.

Debtor asserts that the bankruptcy court erred in closing his chapter 11 case because it concluded wrongly that the estate has been "fully administered."[1]  We review factual determinations of

---

[1] Rule 3022 provides:  "After an estate is fully administered in a
(continued...)

the bankruptcy court for clear error and conclusions of law *de novo*. *See Haber Oil Co. v. Swinehart*, 12 F.3d 426, 434 (5th Cir. 1994).

Although rule 3022 does not define "fully administered," the Advisory Committee Notes provide some guidance, listing various factors a court should consider in determining whether an estate has been fully administered.[2]  These factors merely serve as a guide, however, and each need not be present before the entry of a final decree.  *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. W.D. Ill. 1990).

Indeed, the advisory notes also "make it quite clear that the entry of a final decree should not be delayed because the bankruptcy court's jurisdiction might be required in the future." *In re Jordan Mfg. Co.,* 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992). "[E]ntry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties involved in a Chapter 11 case."  *Greater*

---

[1](...continued)
chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

[2] The factors include whether (1) the order confirming the plan has become final; (2) deposits required by the plan have been distributed; (3) the property proposed by the plan to be transferred has been transferred; (4) the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan; (5) payments under the plan have been commenced; and (6) all motions, contested matters, and adversary proceedings have been fully resolved.

*Jacksonville Transp. Co. v. Willis*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994).

Given the ministerial nature of the entry of a final decree and the fact that such an entry does not deprive the bankruptcy court of jurisdiction to enforce or interpret its own order or even to reopen the case pursuant to 11 U.S.C. § 350, *see Jordan*, 138 B.R. at 35, we reject debtor's contention that the bankruptcy court, as a prerequisite to issuing a final decree, must find that all of the adversary actions that may fund the plan have been resolved. Irrespective of whether debtor's state court claims retain any vitality, the bankruptcy court, having confirmed the plan of reorganization and exhausted its attendant responsibilities, need not keep debtor's case on its docket because of the mere possibility that the court's jurisdiction may be invoked in the future.

B.

Debtor next asserts that the bankruptcy court erred in issuing the final decree because such an order is prohibited by the plan of reorganization. We disagree. Not only do we find no language in the plan expressly prohibiting the bankruptcy court's valid issuance of a final decree consistent with rule 3022,[3] but, even

---

[3] In fact, the only express language in the plan that deals directly with the issue at hand cuts against debtor. Article VI provides that "[i]f Debtors fail to obtain a judgment against Shell within two years of the date of
(continued...)

4

assuming such language were present, the court would not be deprived of its rights under the rule to issue the decree where appropriate. *See Jordan*, 138 B.R. at 35. Furthermore, debtor's res judicata argument is without merit.[4]

## II.

Finally, we decline debtor's invitation to disqualify the district judge because he exercised trial jurisdiction over a collateral adversary proceeding concurrent with his review of the bankruptcy court's entry of the final decree, the subject matter of the instant appeal. *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir. 1978), upon which debtor relies, is inapposite, as it counsels disqualification only where a judge sits in federal district court on the appeal of the precise habeas corpus petition that he ruled on previously when sitting on the state supreme court. Nothing in *Rice* bars a district judge from hearing an appeal from the bankruptcy court on the entry of a final decree concurrently with his trial jurisdiction on a collateral matter.

---

[3](...continued)
confirmation, the Court, upon notice and hearing, shall order the case dismissed or converted to a Chapter 7 proceeding in accordance with the best interests if the creditors." Because the plan was confirmed in January 1994, debtor's two years have expired without his having obtained any judgment against Shell.

[4] Citing *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972), debtor argues that the effect of the bankruptcy court's confirmation of the plan is res judicata to the court's ability to issue a final decree under rule 3022. *Miller* says nothing of the sort, but rather reinforces the traditional notion that a plan's confirmation is res judicata to claims covered under a properly confirmed plan and raised subsequently by the *debtor or creditors* to the plan. *See id.*

Thus, after more than five years, four adversary proceedings, three federal appeals, two state court cases, two bankruptcy filings, one plan confirmation, and one adverse award of sanctions, we reject debtor's appeal. "It is time for the Debtor to get on with its business and leave the shadows of the Court." *In re Mold Makers*, 124 B.R. at 769. We counsel debtor, in his capacity as an attorney and officer of the courtSSas we have so warned him previouslySSthat further meritless filings, including, without limitation, frivolous petitions for rehearing or suggestions for rehearing en banc, will subject him to additional sanctions and/or discipline.

AFFIRMED.